# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO, | No. 1:23-cv-00441-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PATRICK COVELLO, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

In 1995, Petitioner was convicted of second-degree murder in the Tulare County Superior Court and sentenced to an imprisonment term of fifteen years to life plus one year. (ECF No. 1 at 1.)[1] In 1997, the California Court of Appeal, Fifth Appellate District affirmed the judgment and the California Supreme Court denied review. (Id. at 2–3.) Meanwhile, on August 7, 1996, Petitioner filed a federal habeas petition in this Court that was dismissed for failure to exhaust state remedies on May 16, 1997. (Id. at 49–50.)

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On March 16, 2023,[2] Petitioner constructively filed the instant federal habeas petition. (ECF No. 1.) The Court ordered Petitioner to show cause why the petition should not be dismissed as untimely, and Petitioner filed a response. (ECF Nos. 8, 9.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Although Petitioner does not provide enough information to determine the exact date when direct review of his convictions became final, the Court will assume that the California Supreme Court denied the petition for review on December 31, 1997, the date most favorable to Petitioner. Thus, the Court assumes the judgment became final on March 31, 1998, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, April 1, 1998, and absent tolling, was set to expire on March 31, 1999. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B. Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Although Petitioner filed a federal habeas petition in 1996, the limitation period is not tolled during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181–82 (2001). "Petitioner recalls that he initiated his state writ of habeas corpus around 1995–96" and also states that he filed a state petition for writ of habeas corpus "around 1996–97" in the appellate court, which issued a "postcard denial." (ECF No. 9 at 22.) As these state habeas petitions were filed and presumably denied before the one-year limitation period commenced, Petitioner is not entitled to statutory

3

tolling for the period during which these petitions were pending. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (finding that a state habeas petition filed and denied before the federal limitations period began to run "ha[s] no effect on the timeliness of the ultimate federal filing").

### C. Equitable Tolling

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

Petitioner requests that equitable tolling be applied because "he did not deliberately bypass the state remedies" but rather he "did not have an adequate or available remedy to pursue and litigate such 'Petition for Review' in the California Supreme Court, because he could not possibly substantiate his claims without the 1st preliminary hearing transcript," which had not been included in the record on appeal. (ECF No. 9 at 19.) Petitioner also alleges that since 1998, Petitioner has been seeking outside legal assistance, contacting the Innocence Project and California Prison Focus. (Id. at 28.) In 2016, Petitioner's family sent him funds to retain an attorney. Petitioner unsuccessfully attempted to retain various attorneys, even sending one attorney his transcripts, which were never returned. In 2020, Petitioner's family went to the Tulare County Superior Court to purchase a copy of the first preliminary hearing transcript, but they were informed that the court was having trouble locating the transcript. (Id.)

Petitioner's lack of legal knowledge and his reliance on others to assist him do not constitute extraordinary circumstances that warrant equitable tolling. See, e.g., Baker v. Cal. Dep't of Corr., 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance . . . are not extraordinary circumstances to warrant equitable tolling . . . ."); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). And "[w]hile denial of access to legal files may in some cases constitute 'the type of external impediment for which we [grant] equitable tolling,'" Chaffer v. Prosper, 592

1 F.3d 1046, 1049 (9th Cir. 2010) (quoting Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1013
2 (9th Cir. 2009)), Petitioner sent his transcripts, which ultimately were never returned, to an
3 attorney in 2016, sixteen years after the limitations period was set to expire.

4 Petitioner asserts that he could not litigate his claims in a petition for review in the
5 California Supreme Court because he could not possibly substantiate his claims without the first
6 preliminary hearing transcript, which had not been included in the record on appeal. However,
7 the fact that the first preliminary hearing transcript not being included in the record on appeal
8 may have acted as a procedural bar from state post-conviction relief did not stand in Petitioner's
9 way and prevent him from filing a federal habeas petition. Petitioner could have argued, as he
10 does here (ECF No. 9 at 20–22), that he was entitled to seek federal relief despite a failure to
11 exhaust state law remedies because there was "an absence of available State corrective process"
12 or "circumstances exist that render such process ineffective to protect the rights of the applicant."
13 28 U.S.C. § 2254(b)(1)(B).

14 To the extent that Petitioner contends the district court erred in dismissing his previous
15 federal habeas petition for failure to exhaust in 1997, the Court finds that he is not entitled to
16 equitable tolling because even assuming an extraordinary circumstance, Petitioner has not
17 demonstrated that "he has been pursuing his rights diligently." Holland, 560 U.S. at 649. "What
18 reasonable diligence would look like . . . varies based on the specifics of the case, but in every
19 instance reasonable diligence seemingly requires the petitioner to work on his petition with some
20 regularity—as permitted by his circumstances—until he files it in the district court." Smith v.
21 Davis, 953 F.3d 582, 601 (9th Cir. 2020) (en banc). Here, Petitioner states that since 1998, he has
22 been seeking outside legal assistance. Petitioner alleges that he contacted a "few places,"
23 including the Innocence Project and California Prison Focus. In 2016, Petitioner attempted to
24 retain two different attorneys. In 2020, Petitioner's family attempted to obtain the first
25 preliminary hearing transcript from the Tulare County Superior Court. (ECF No. 9 at 28.) The
26 Court finds that Petitioner's attempts to find outside legal assistance are not sufficient to
27 demonstrate that he has been pursuing his rights diligently and "work[ing] on his petition with
28 some regularity" during the relevant twenty-four-year period. Smith, 953 F.3d at 601. See id. at

598–99 ("[F]or a litigant to demonstrate 'he has been pursuing his rights diligently,' and thus satisfies the first element required for equitable tolling, he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." (quoting Holland, 560 U.S. at 649)).

Based on the foregoing, the Court finds that Petitioner has not established the existence of an extraordinary circumstance or that he has been pursuing his rights diligently such that equitable tolling is warranted. Therefore, the instant federal petition was not timely filed.

**D. Actual Innocence**

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). The Supreme Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (second alteration in original) (emphasis added) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Petitioner asserts that his claim of actual innocence is supported by the "[f]acts in evidence," i.e., the trial court record. Petitioner refers to a police report, the superior court's judicial notice, Petitioner's own testimony at trial, and the testimony of eyewitness Ramirez. However, these "[f]acts in evidence" are not "new reliable evidence . . . that was not presented at trial," Schlup, 513 U.S. 298 at 324, and thus, Petitioner cannot invoke the actual innocence gateway. See Stewart v. Cate, 757 F.3d 929, 938 (9th Cir. 2014) ("[W]e must 'assess how reasonable jurors would react to the overall, *newly supplemented* record,' including all the evidence the petitioner now proffers." (quoting Lee v. Lampert, 653 F.3d 929, 945 (9th Cir. 2011)) (emphasis added)).

///

///

## III.

## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as untimely.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 9, 2023**

UNITED STATES MAGISTRATE JUDGE